UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MONTY JONES,<br><br>      Plaintiff,<br><br>v.<br><br>SAINT PAUL COLLEGE,<br><br>      Defendants. | Civil No. 14-465 (DSD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue a Defendant identified as "Saint Paul College." He claims that Defendant "has violated Title IV of the Civil Rights Act[1] in several ways." (Complaint, [Docket No. 1], p. 4.) The only factual allegations presented in support of Plaintiff's claim are as follows:

> "I am a black man and in July 2013 I applied for a scholarship with 'Friends of St. Paul College.' [ ¶ ] This scholarship is apparently need based but I was denied this scholarship several times. I believe it is because I am a black man as this school gives scholarships to other minorities, not black men."

---

[1] "Title IV of the Civil Rights Act applies to the desegregation of public schools and public colleges. 42 U.S.C. § 2000c." Khan v. Educational Com'n for Foreign Medical Graduates, No. CIV.A. 00-1701 (E.D. Pa. 2000), 2000 WL 1763671 at *1.

(Id.)

Plaintiff is seeking a judgment against Defendant that will award him damages as follows: "Mental Anguish (pain + suffering) – $1,000 Punitive Damages – $20,000 Scholarship – $3,000."  (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff claims that Defendant Saint Paul College discriminated against him because of his race.  Plaintiff, however, has not alleged any facts that support this claim.  Plaintiff alleges that he was denied a scholarship because of his race, but he has

not alleged that <u>Defendant</u> denied him a scholarship.  Plaintiff has plainly alleged that he applied for a scholarship with an entity identified as "'Friends of St. Paul College,'" and the complaint implies that Plaintiff's scholarship application was denied by that entity.  Nothing in Plaintiff's complaint shows that Defendant Saint Paul College has denied any scholarship application submitted by Plaintiff or that Defendant Saint Paul College has otherwise discriminated against Plaintiff in any illegal manner.  Indeed, Plaintiff's complaint does not describe any specific act or omission by Defendant Saint Paul College.  Plaintiff certainly has not alleged any specific facts that would, if proven, entitle him to a judgment for money damages against Defendant Saint Paul College under Title IV of the Civil Rights Act, (or under any other legal theory).

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief may be granted.  The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[Continued on next page.]

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March  17 , 2014

                                              *s/ Tony N. Leung*
                                       TONY N. LEUNG
                                       United States Magistrate Judge


                                       *Jones v. Saint Paul College*
                                       File No. 14-cv-465 (DSD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **April 1, 2014**.