UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-465(DSD/TNL)

Monty Jones,

        Plaintiff,

v.                                    **ORDER**

Saint Paul College,

        Defendant.


This matter is before the court upon the pro se objection by plaintiff Monty Jones to the March 17, 2014, report and recommendation of Magistrate Judge Tony N. Leung. The magistrate judge recommended summary dismissal based on failure to state a claim upon which relief may be granted. Based on a de novo review of the file, record and submissions herein, the court overrules the objection and adopts the magistrate judge's report and recommendation in its entirety.

Jones, who is African-American, filed a claim against Saint Paul College pursuant to Title IV of the Civil Rights Act,[1] alleging that he was denied a need-based scholarship because of his race. The magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended dismissal for failure to state a claim because Jones had not alleged facts that plausibly

---

[1] "Title IV of the Civil Rights Act applies to the desegregation of public schools and public colleges." Khan v. Educational Comm'n for Foreign Med. Graduates, No. 00-1701, 2000 WL 1763671, at *1 (E.D. Pa. Nov. 30, 2000).

established wrongful conduct by Saint Paul College. Jones objects. The court reviews the report and recommendation de novo. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

Jones objects to the determination that the complaint fails to state a claim. Although a complaint need not contain detailed factual allegations, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Conclusory statements are not sufficient to state a claim. See Iqbal, 129 S. Ct. at 1949.

After a de novo review, the court finds that the complaint offers only conclusory statements, and does not support a reasonable inference that Saint Paul College violated Title IV or otherwise discriminated against Jones on the basis of race. In his objection, Jones provides several anecdotal observations relating to his experience as a student at Saint Paul College. Among other deficiencies, however, the complaint does not allege that "Friends of Saint Paul College" is the same entity as Saint Paul College, such that a denial of funding by the former can be attributed to the latter. Moreover, the portion of the objection based on Saint Paul College's denial of work-study employment, without more, is

insufficient to raise a right to relief above the speculative level. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As a result, dismissal is warranted.[2]

Accordingly, after a de novo review, **IT IS HEREBY ORDERED** that:

1.  The objection [ECF No. 4] is overruled;

2.  The report and recommendation [ECF No. 3] is adopted in its entirety;

3.  The application to proceed in forma pauperis [ECF No. 2] is denied; and

4.  This action is summarily dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 1, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[2] Jones also requests "a different judge for this lawsuit or ... [for] the judge to recuse him or herself." ECF No. 4. Such a motion fails. In evaluating such a motion, the court considers whether the judge's participation would cause an average person, who knows all of the relevant facts of a case, to question the judge's impartiality. 28 U.S.C. § 455(a); see United States v. Aldridge, 561 F.3d 759, 764 (8th Cir. 2009) (citation omitted). Jones gives no basis for disqualification other than that Magistrate Judge's Leung's recommendation of summary dismissal appeared "personal." ECF No. 4. Such an allegation, without more, is not sufficient to warrant recusal. See United States v. Dodge, 538 F.2d 770, 782 (8th Cir. 1976).